COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-385-CV

JANET LOU DOUGLASS APPELLANT

V.

COUNTRYWIDE HOME LOANS, INC. APPELLEE

------------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is the second summary judgment that this court has reviewed in this matter.
(footnote: 2)  In our first opinion, we affirmed the summary judgment in Appellee Countrywide Home Loan, Inc.’s favor as to Appellant Janet Lou Douglass’s claims but reversed the judgment and remanded the case for further proceedings concerning Countrywide’s counterclaim.
(footnote: 3)  The summary judgment now before us granted Countrywide summary judgment on its counterclaim and ordered foreclosure of the home equity lien held by Countrywide on Douglass’s real estate.

In her first point, Douglass contends that the trial court erred by granting Countrywide summary judgment on its counterclaim because Countrywide defaulted in May 2000 and thus is required to forfeit all principal, interest, and previous payments made.  Essentially, Douglass is arguing that Countrywide breached its agreement with her.  However, we have already resolved this issue against Douglass in our prior opinion in this matter when we held that the trial court correctly granted Countrywide summary judgment on Douglass’s claims.
(footnote: 4)  We overrule Douglass’s first point.

In her second point, Douglass contends that the trial court erred in granting summary judgment on Countrywide’s counterclaim because material issues of fact remain.  In our opinion reviewing the first summary judgment granted in this case, we wrote,

. . . . Douglass’s admissions establish, among other things, (1) that the documents attached to the discovery requests are genuine, were executed by Douglass, and created a lien against the Property, (2) that she failed to make payments after February 2000, (3) that her failure to make payments in accordance with the Note allows Countrywide to foreclose against the Property, (4) that Countrywide sent her notice of her default, offered her an opportunity to cure that default, and that she failed to cure the default, (5) that she was sent notice of Countrywide’s intent to accelerate the maturity of the debt, and (6) that Countrywide sent her notice that the Note had been accelerated.  . . . 

. . . . 

[A]fter reviewing all the evidence, we conclude that Countrywide failed to conclusively establish its right to summary judgment on its counterclaim.  To be entitled to an order of foreclosure, and if necessary, writ of possession, Countrywide was required to establish its right to foreclosure under the Security Instrument and section 51.002 of the Texas Property Code. . . . 

Paragraph 20 of the Security Instrument securing the Note provides, in relevant part:

Lender shall give notice to Borrower prior to acceleration following Borrower’s breach of any covenant or agreement in this Security Instrument . . . . The notice shall specify:  (a) the default; (b) the action required to cure the default; (c) 
a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and 
(d) 
that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property.  The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale
. . . .

(Emphasis added)

In addition, section 51.002(d) of the Texas Property Code provides, in relevant part:

(d) Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor’s residence with 
written notice by certified mail 
stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b). . . . 

Tex. Prop. Code Ann.
 § 51.002(d) (Vernon Supp. 2004-05) (emphasis added).

We find no evidence in the record establishing that Countrywide provided written notice to Douglass by 
certified mail 
giving her twenty days to cure her default.  
See id
. 
 
Further, we find no evidence in the record that Countrywide provided Douglass with notice, in accordance with its Security Instrument, stating (1) a date, not less than thirty days from the date of the notice, by which she could cure the default, (2) that her failure to cure the default on or before that date would result in acceleration of the debt and sale of the Property securing the debt, or (3) that Douglass had the
 
right to reinstate after acceleration and to bring a court action to assert the non-existence of default or any other defense.
  
See
 
Tex. R. Civ. P.
 735(2).
(footnote: 5)

Countrywide’s second motion for summary judgment points to the necessary evidence missing in the first proceeding.  Specifically, the second motion points to the same summary judgment evidence established in the first proceeding and detailed in the prior opinion, but it also establishes through 
new
 summary judgment evidence—including copies of the certified letters sent to Douglass, their associated envelopes, and their associated cards affixed to the envelopes, indicating certified mail—that Countrywide sent Douglass notice by certified mail of her default and that Countrywide provided Douglass with notice in accordance with its Security Instrument by stating (1) a date, not less than thirty days from the date of the notice, by which she could cure the default, (2) that her failure to cure the default on or before that date would result in acceleration of the debt and sale of the real property, that is, foreclosure, and (3) that she had the right to reinstate after acceleration and to bring a court action to assert the non-existence of default or any other defense.
  
Accordingly, the summary judgment evidence now shows that Countrywide complied with the security instrument and the applicable law.  There are no issues of material fact.

Douglass’s complaints in this point, focusing on Countrywide’s alleged breach, notice of substitution of counsel, and her demand for damages, were all finally resolved against her in our prior opinion.
(footnote: 6)  Accordingly, we overrule Douglass’s second point.

Having overruled Douglass’s two points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, HOLMAN, and WALKER, JJ.

DELIVERED:  October 26, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Douglass v. Country Wide Home Loans
,
 Inc.
, No. 02-03-334-CV, 2005 WL 1542658 (Tex. App.—Fort Worth June 30, 2005, no pet.) (mem. op.).

3:
See id. 
at *10.

4:
See id. 
at *6-7.

5:
Id.
 at *8-9 (footnotes omitted).

6:
Id.
 at *3-5, 7, 10.